2004 UT App 336

**STATE of Utah, Plaintiff and Appellant,**

v.

**Duane POTTS, Defendant and Appellee.**

**No. 20030702–CA.**

Court of Appeals of Utah.

Sept. 30, 2004.

Mark L. Shurtleff, Atty. Gen., Kirk M. Torgensen, Marian Decker, and Polly Samuels, Asst. Attys. Gen., Salt Lake City, for Appellant.

Ronald J. Yengich and Peter Goodall, Yengich, Rich & Xaiz, Salt Lake City, for Appellee.

Before BENCH, Associate P.J., ORME, and THORNE, JJ.

MEMORANDUM DECISION

BENCH, Associate Presiding Judge:

¶ 1 The State appeals an order quashing bindover and dismissing one count of communications fraud, a second degree felony. *See* Utah Code Ann. § 76–10–1801 (2003).

¶ 2 The State first contends that the court erroneously quashed the bindover as a sanction for the prosecutor's tardiness at the

hearing on the motion to quash. We disagree. The record reflects that the court quashed the bindover because the State did not oppose the motion. Nowhere did the court indicate that the dismissal of the bindover was a sanction against the State for merely being tardy at the hearing. A party opposing a motion to quash can file a memorandum in opposition within ten days of receiving notice of the motion. *See* Utah R. Civ. P. 7(c)(1).[1] Here, the motion to quash was filed on July 7, 2003, and the State did not respond to it at any time before the hearing on August 1, 2003. Likewise, the State did not appear at the scheduled time for the hearing. From the lack of response, the court reasonably concluded that the State did not oppose the motion, and properly granted the motion on that basis.

¶ 3 The State also argues that the court committed plain error in dismissing the bindover because it did so without reviewing the complete record, including a report authored by the United States Secret Service (USSS report). The State relies on *State v. Wodskow*, 896 P.2d 29 (Utah Ct.App.1995), for the proposition that a trial court must review the complete record before granting a motion to quash. In *Wodskow*, we stated that the trial court could not grant a motion to quash bindover if "the complete record was not before the court." *Id.* at 32. However, unlike in *Wodskow*, the State in this case expressed no opposition to the motion to quash in writing or orally. Furthermore, contrary to the State's assertion, the court had before it the transcript of the preliminary hearing, which referred to all the material findings in the USSS report. The court therefore did not plainly err in dismissing the bindover without reviewing the USSS report.

¶ 4 For the foregoing reasons, we hold that the court properly quashed the bindover. We therefore affirm.

¶ 5 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE Jr., Judges.

---

1. We apply the civil procedure rule since no rule of criminal procedure is determinative. *See* Utah R. Civ. P. 81(a).